1

2                   IN THE UNITED STATES DISTRICT COURT

3                  FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7    PAUL ERIC ANTOINE,

8              Plaintiff,                    CV F 05 0019 REC WMW   P

9       vs.                        _____FINDINGS AND RECOMMENDATIONS

10

11   M. MARTINEZ,

12             Defendant.

13

14

15          Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42

16   U.S.C. § 1983.   Pending before the court is Defendant's motion to dismiss.  Plaintiff has

17   opposed the motion.

18          This action proceeds on the August 10, 2004, complaint.  Plaintiff, an inmate in

19   the custody of the California Department of Corrections at CCI Tehachapi, brings this action

20   against defendant Correctional Officer M. Martinez, an employee of the Department of

21   Corrections at CCI Tehachapi.    Plaintiff alleges that on May 7, 2004, Martinez threatened to

22   kill Plaintiff's family.  Plaintiff claims that Martinez's conduct violated a section of the

23   California Penal Code prohibiting terrorist threats.   Plaintiff seeks to have defendant Martinez

24   prosecuted.

25          Defendant moves to dismiss the complaint on the ground that Plaintiff has failed

26

                                                1

to exhaust his administrative remedies prior to bringing suit, and that Plaintiff has failed to state

a claim upon which relief could be granted.

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law]  . . . subjects, or
causes to be subjected, any citizen of the United States. . . to the
deprivation of any rights, privileges, or immunities secured by the
Constitution. . . shall be liable to the party injured in an action at
law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

On April 26, 1996, The Prison Litigation Reform Act was enacted.  Section 7 of

the Act amended 42 U.S.C. 1997e(a) to read as follows:

(a) APPLICABILITY OF ADMINISTRATIVE REMEDIES.  No action shall be
brought with respect to prison conditions under section 1979 of the Revised
Statutes of the United States (42 U.S.C. 1983) or any other Federal law, by a
prisoner confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted.

On May 29, 2001, the United States Supreme Court decided Booth v.

Churner,532 U.S. 731 (2001).  The Supreme Court, in addressing the question of whether a

prisoner need exhaust available remedies when monetary damages are unavailable, held that

"Congress has mandated exhaustion clearly enough, regardless of the relief offered through

administrative procedures."  Id. at 1821.  In order to bring his claim in federal court, plaintiff

must completely exhaust his available administrative remedies.

In support of his motion, Defendant submits Exhibit 1, the declaration of Suzan

Whitlach, the Appeals Coordinator at CCI Tehachapi.   Ms. Whitlach declares that Plaintiff filed

two inmate grievances referring to Defendant.  Grievance no. CCI-2-04-01808, filed on July 4,

2004, alleged that Martinez had authored and submitted two chronos containing false

information regarding Plaintiff's behavior and that Martinez harassed Plaintiff by not routing his

reroute mail to his new bed assignment.  The appeal requested that Martinez refrain from

reprisals, that the chronos be removed from his file and that all actions taken against Plaintiff be

2

just and proper.  The appeal received a First Level Response on August 23, 2004.  Plaintiff's request to have the chronos removed from the file was denied; Plaintiff's request not to be subjected to reprisals was granted; and Plaintiff's allegations of staff misconduct were found to be not substantiated.  Exh. 1; ¶ 4(a).

On May 8, 2004, the day after the incident complained of,  Plaintiff submitted Grievance no. CCI-2-04-1501, alleging that on May 7, 2004, Martinez confiscated a number of Plaintiff's personal pictures during a locker search and made threatening comments.  Plaintiff requested that Martinez receive a reprimand for making threatening comments and that a letter of instruction be placed in his personnel file.  The Appeal was denied on June 9, 2004, at the First Level Review and the Appeal was denied on August 12, 2004, and the Second Level Review.  On August 13, 2004, Plaintiff was instructed by letter that if he wasn't satisfied with the Second Level Response, he could submit his appeal for a Director's Level Review.  There is no record in Plaintiff's central file that Appeal no. CCI-2-04-1501 had received a Director's Level Response.  Exh. 1; ¶ 4(b).

In California, there are four levels of review - informal level, first formal level, second formal level, and third formal level.  The third formal level constitutes the Director's decision on appeal.  Cal. Code Regs. Tit. 15, § 3084.5(e)(2).   Defendant's exhibits indicate that Plaintiff failed to pursue his grievances to the final, Director's, level of review.   In his opposition, Plaintiff contends that any delays in doing so were caused by the actions of correctional officials.  Plaintiff's own exhibits to his complaint, however, indicate that, as noted in defendant's exhibits, he did file an inmate grievance the day after the conduct complained of.  Plaintiff's own exhibit (Plaintiff's exhibit L-1 to his opposition to the motion to dismiss) indicates that he received a response to his Second Level Appeal on August 12, 2004.

This action was initiated by civil complaint filed lodged on August 6, 2004, and filed on August 10, 2004.  Plaintiff filed this action prior to receiving a response to his Second

1  Level Appeal, therefore making it impossible to fully exhaust his appeal before filing suit.  The

2  Court of Appeals has held that District Courts are required under Prison Litigation Reform Act

3  (PLRA) to dismiss actions without prejudice where prisoner failed to exhaust administrative

4  remedies prior to filing suit but was in process of doing so when motion to dismiss was filed.

5  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).   Here, the law is clear.  This action must be

6  dismissed for failure to exhaust available administrative remedies.  Such a dismissal, however, is

7  without prejudice to re-filing the action (in a separate civil matter) once Plaintiff has exhausted

8  his administrative remedies.

9        Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to

10  dismiss be granted, and this action be dismissed without prejudice for plaintiff's failure to

11  exhaust his available administrative remedies prior to filing suit.

12        These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

14  thirty days after being served with these findings and recommendations, any party may file

15  written objections with the court and serve a copy on all parties.  Such a document should be

16  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

17  objections shall be served and filed within ten days after service of the objections.  The parties

18  are advised that failure to file objections within the specified time waives all objections to the

19  judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file

20  objections within the specified time may waive the right to appeal the District Court's order.

21  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22

23

24

25  IT IS SO ORDERED.

26

4

**Dated:**   **February 9, 2006**        **/s/ William M. Wunderlich**
mmkd34                                 UNITED STATES MAGISTRATE JUDGE